**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVE JOHNSON, WANDA R. JOHNSON,**

    **Plaintiffs,**

**-vs-**                  **Case No. 6:09-cv-1768-Orl-19GJK**

**ALAMO FINANCING, L.P., DIRK WESTPHAL,**

    **Defendants.**

_____

## ORDER

This case comes before the court on a Motion to Dismiss by Defendant Alamo Financing, L.P. (Doc. No. 3, filed Oct. 16, 2009.)

### Background

This case arises out of a motor vehicle accident involving the Plaintiffs, Steve and Wanda Johnson, and the Defendants, Dirk Westphal and Alamo Financing, L.P. ("Alamo").[1] (Doc. No. 2 ¶¶ 6, 7 filed Oct. 16, 2009.) The accident allegedly occurred when Westphal's vehicle collided with the Plaintiffs' vehicle on State Road 482 in Orange County, Florida. (*Id.* ¶¶ 5, 6.) Plaintiffs maintain that at the time of the accident, Westphal was operating the vehicle with the permission and consent of Alamo, the owner of the vehicle. (*Id.* ¶ 7.) Plaintiffs contend that both Westphal and Alamo negligently operated and/or maintained the vehicle, and that Alamo is vicariously liable for the negligence of Westphal pursuant to Florida's dangerous instrumentality doctrine. (*Id.* ¶¶ 8, 9.) The

---

[1] These facts are recited for contextual purposes and are set forth in the light most favorable to the Plaintiff.

Complaint was originally filed in the Circuit Court of the Ninth Judicial Circuit of Florida. (*Id.*) Alamo then timely removed the case to the Middle District of Florida on grounds of diversity jurisdiction. (Doc. No. 1, filed Oct. 16, 2009).

**Standard of Review**

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will

. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**Analysis**

The Complaint alleges that Alamo is vicariously liable for the negligence of Westphal pursuant to Florida's dangerous instrumentality doctrine. (Doc. No. 2 ¶ 9.) In its Motion to Dismiss, Alamo argues that under 49 U.S.C. § 30106 (the "Graves Amendment"), Alamo is not vicariously liable for Westphal's negligence. (Doc. No. 3 ¶ 5.)

Florida's vicarious liability doctrine as it pertains to lessors of motor vehicles is largely a creation of common law and is referred to as the "dangerous instrumentality doctrine." *Southern Cotton Oil Co. v. Anderson*, 86 So. 625, 629 (Fla. 1920). This doctrine imposes "strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another." *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1352 (S.D. Fla. 2008) (*quoting Aurbach v. Gallina*, 753 So. 2d 60, 62 (Fla. 2000)). The Florida Supreme Court extended the dangerous instrumentality

doctrine to lessors of motor vehicles in 1959. *Susco Car Rental Sys. v. Leonard*, 112 So. 2d 832, 834 (Fla. 1959).

On August 10, 2005, the Graves Amendment became effective. 49 U.S.C. § 30106. This federal statute states in pertinent part:

> (a) An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental lease, if -
>
> > (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> > (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a). By its express language, the Graves Amendment "preempts all state statutory and common law vicarious liability schemes that impose liability on lessors of motor vehicles when the vehicle is involved in an accident through no fault of the lessor." *St. Paul Fire and Marine Ins. Co. v. Lee*, No. 6:07-cv-756-Orl-22GJK, 2008 WL 1897602, at * 5 (M.D. Fla. April 28, 2008) (*citing Garcia v. Vanguard Car Rental USA, Inc.,* 510 F. Supp. 2d 821, 824 (M.D. Fla. 2007). Florida's common law dangerous instrumentality doctrine is therefore preempted by the Graves Amendment. *Garcia*, 501 F. Supp. 2d at 832; *Kumarsingh v. PV Holding Corp.*, 983 So. 2d 599, 600 (Fla. 3d DCA 2008). Consequently, if there is no negligence on the part of an automobile rental company, that company is not vicariously liable to a motorist injured in a collision with a rented automobile. *Garcia*, 510 F. Supp. 2d at 837; *Bechina v. Enterprise Leasing Co.*, 972 So. 2d 925, 926-27 (Fla. 3d DCA 2007).

While Section 30106(a)(2) only excludes a lessor's liability "if there is no negligence . . . on the part of the owner," few courts have considered the applicability of this savings clause. *See Berkan v. Penske Truck Leasing Canada, Inc.*, 535 F. Supp. 2d 341 (W.D.N.Y. 2008) (granting lessor's motion for summary judgment where plaintiffs failed to adduce any evidence of lessor's negligence, including lessor's failure to maintain brakes); *Colon v. Bernabe*, No. 07-cv-03369, 2007 WL 2068093 (S.D.N.Y. July 19, 2007) (concluding that where the lease agreement requires a lessor to maintain the vehicle, Section 30106(a)(2) permits a plaintiff to assert a negligence claims against the lessor for failure to maintain a vehicle). Nevertheless, courts that have considered the issue express concern that "plaintiffs can defeat the spirit of Section 30106 on a motion to dismiss by merely alleging that the leasing company was negligent in maintaining the vehicle." *Colon*, 2007 WL 2068093, at *5. Therefore, while the express language of Section 30106(a)(2) does create an exception to the Graves Amendment, "it is rarely applicable and should be cautiously applied in light of Congress' clear intent to forestall suits against vehicle leasing companies." *Carton v. General Motors Acceptance Corp.*, 639 F. Supp. 2d 982, 996 (N.D. Iowa 2009) (*citing Dubose v. Transport Enterprising Leasing, LLC*, No. 6:08-cv-3850-Orl-031DAB, 2009 WL 210724, at *4 (M.D. Fla. Jan. 27, 2009))

In the present case, the Complaint alleges that Alamo negligently maintained the motor vehicle Westphal was driving, causing it to collide with Plaintiffs' motor vehicle. (Doc. No. 2 ¶ 8.) The Complaint therefore falls within the savings clause set forth in Section 30106(a)(2).[2] *See Carton*, 639

---

[2] The legislative history also makes clear that the Graves Amendment does not remove liability when the owner-lessor is at fault, such as for negligent maintenance. *See, e.g.*, 151 Cong. Rec. H1034-01, 2005 WL 556038, at *H1200 (2005) (Rep. Graves, sponsor of the provision: "I want to emphasize, I want to be very clear about this, that this provision will not allow car and truck renting and leasing companies to escape liability if they are at fault."); *id.* (Rep. Blunt: "A rental or leasing company will only be liable in instances where the company is negligent or at fault.); *id.* at *H1202

F. Supp. 2d at 996 (dismissing the vicariously liability claims against the defendant-lessor where the complaint failed to assert that the defendant-lessor committed any criminal acts or was negligent in maintaining the vehicle). The allegation of negligent maintenance therefore brings the vicarious liability claim within the exception to the Graves Amendment set forth in Section 30106(a)(2). Accordingly, Alamo's Motion to Dismiss will be denied.

**Conclusion**

The Motion to Dismiss by Defendant Alamo Financing, L.P. (Doc. No. 3, filed Oct. 16, 2009) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 19, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

(Rep. Graves: "This proposal would not exempt rental and leasing companies from the liability involved with their equipment. They are still liable and should be liable for negligence when it deals with the equipment, but they should not be liable for the actions of drivers.").

Unrepresented Parties